UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yonezawa-Miller Company, LLC,

    Plaintiff,

v.                                     Case No.: 20-11019

Park Place Five, LLC, *et al.*,        Honorable Sean F. Cox

    Defendants.

_____/

## ORDER REQUIRING JURISDICTIONAL STATEMENT

Plaintiff filed this action against Defendants, asserting that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiff's complaint, the Court is unsure whether diversity jurisdiction exists.

Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be "meticulous" as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

For purposes of diversity jurisdiction, a "limited liability company is not treated as a

corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its members." *Id.* "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay, supra*.

Plaintiff's Complaint indicates that it is a citizen of California. Plaintiff's Complaint, however, does not identify all the members of the Defendant limited liability companies or any details as to their citizenship. Rather, it states that "upon information and belief" that none of their members are citizens of California. The Court appreciates that information concerning the citizenship of the members (and any sub-members) of the Defendant limited liability companies may not be accessible to Plaintiff.

Accordingly, in order to determine if diversity jurisdiction exists, the Court hereby **ORDERS** that, within 14 (fourteen) days of entering an appearance in this action, Defense Counsel shall file a short jurisdictional statement, identifying the citizenship of each of the two limited liability Defendants in this action. Specifically, Defense Counsel must identify each member (and any sub-members) of those Defendants, and must identify the citizenship of each member (and any sub-members).

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: April 29, 2020