UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yonezawa-Miller Company, LLC,

    Plaintiff,

v.                                                     Case No. 20-11019

Park Place Five, LLC, *et al.*,              Sean F. Cox
                                                     United States District Court Judge

    Defendants..
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION

Plaintiff filed this action against Defendants on April 24, 2020. The matter is currently before the Court on Defendants' "Motion To Dismiss Based On Lack Of Subject Matter Jurisdiction." The parties have briefed the issues and the Court concludes that oral argument is not necessary. Thus, the Court orders that the motion will be decided without a hearing. *See* Local Rule 7.1(f)  As explained below, the Court shall GRANT the motion because this Court lacks subject-matter jurisdiction over this case.

## BACKGROUND

Plaintiff Yonezawa-Miller Company, LLC filed this action against Defendants Park Place Five, LLC, Promanas, Inc., and PF3, LLC, on April 24, 2020. Plaintiff filed the action in federal court, asserting that this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. Plaintiff's Complaint, however, does not identify the members of the Defendant limited liability companies or any details as to their citizenship. Rather, it states that "upon information and belief" that none of their members are citizens of California.

"[F]ederal courts have an independent obligation to investigate and police the boundaries

of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).  After an initial review of Plaintiff's complaint, this Court was unsure whether diversity jurisdiction exists because Plaintiffs did not allege the citizenship of the members of the Defendant limited liability companies.  As such, and mindful that information concerning the citizenship of the members (and any sub-members) of the Defendant limited liability companies may not be accessible to Plaintiff, this Court issued an order requiring the Defendants to file a jurisdictional statement, identifying the citizenship of each of the two limited liability companies that are defendants in this action.  (ECF No. 3).

On May 20, 2020, Defendants filed a Motion For Protective Order (ECF No. 8), asserting that the identity of the 280 members of PF3, LLC is highly confidential and asking the Court to enter a proposed protective order regarding Defendants' response to the Court's jurisdictional order.

On June 8, 2020, Defendants filed a "Motion To Dismiss Based On Lack Of Subject Matter Jurisdiction" (ECF No. 10).  Defendants also asked to withdrew their motion seeking a protective order as their Motion to Dismiss rendered it moot.  (*See* ECF No. 11 at 2).

The parties have completed the briefing on Defendants' Motion to Dismiss and, as such, the motion is ripe for a decision by this Court.

**ANALYSIS**

Plaintiff filed this action against Defendants Park Place Five, LLC, Promanas, Inc., and PF3, LLC on April 24, 2020.  Plaintiff filed the action in federal court, asserting that this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.

As the party asserting this Court's jurisdiction over this case, Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this case*. Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its members." *Id.* "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay, supra*.

Plaintiff's Complaint indicates that it is a citizen of California. As such, if any of the Defendants in this case are also citizens of California, then complete diversity of citizenship does not exist between the disputing parties and this Court lacks jurisdiction.

Defendants' Motion to Dismiss states that an individual named Marc Schaberg is a member of Defendant PF3, LLC and that he is a citizen of California. Thus, Defendants contend that there is not complete diversity in this case and this Court lacks subject matter jurisdiction over it. In support of the motion, Defendants submitted an Affidavit from Schaberg.

In response to the motion, Plaintiff states that "whether the citizenship of the member of Park Place Five and PF3 limited liability companies precludes the court from exercising diversity jurisdiction depends on the citizenship of the members at the time the complaint was filed." (ECF No. 12 at 2) (citing *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968)).

Plaintiff also contends that the affidavit submitted by Schaberg is insufficient to "answer the relevant question – whether he is domiciled in California." (*Id*. at 11).

Along with their Reply Brief, Defendants submitted a "Supplemental Affidavit of Marc Schaberg" that states:

1. I make this Affidavit upon personal knowledge.
2. I am a member of PF3, LLC ("PF3"), a Defendant in the above-referenced case.
3. I have been a member of PF3 continuously since March 15th, 2016, through the present, including April 24, 2020.
4. During this entire time from March 15th, 2016, through the present, including April 24, 2020, I have been a citizen of the State of California.
5. During this entire time March 15th, 2016, through the present, including April 24, 2020, I have been domiciled in the State of California.
6. During this entire time from March 15th, 2016, through the present, including April 24, 2020, I have maintained a primary residence in Los Angeles, California, maintained a Driver's License issued by the State of California, and been registered to vote in the State of California.
7. In fact, my only residence during the entire time from March 15th, 2016, through the present, including April 24, 2020, has been in Los Angeles, California. I have taken vacation out of state which has not exceeded six weeks in any given year since 2016 and which I do not regard as "residing out of state."
8. California has been the only place where I have resided, received personal mail, kept my personal effects on a permanent basis, and regarded as home from March 15th, 2016, through the present, including April 24, 2020.
9. I was physically present in California and intended to remain in California as of the date the Complaint was filed on April 24, 2020.
10. A copy of my California Driver's License with Driver's License Number redacted is attached hereto. This Driver's License was in effect on April 24, 2020, and remains in effect today.
11. A copy of an assessment record for my residence in Los Angeles, California, is also attached hereto. I was the owner of this property on April 24, 2020, and remain so today.
12. For all purposes, I have been a citizen of California, domiciled in California, and resident of California for the entire time from March 15th, 2016, through the present, including April 24, 2020.
13. For all purposes, I have intended to remain a citizen of California, domiciled in California, and resident of California for the entire time from March 15th, 2016 through the present, including April 24, 2020.
14. During the entire time from March 15, 2016, through the present, including April 24, 2020, I have not been a citizen of any other state or country, domiciled in any other state or country, or resident of any other

    state or country.
15.  If called as a witness, I can testify competently to the foregoing facts.

(ECF No. 13-1).

  In light of the above affidavit, the Court concludes that Schaberg is a citizen of California for purposes of diversity jurisdiction and was so at the time this action was filed on April 24, 2020. That means that complete diversity of citizenship does not exist and this Court lacks subject matter jurisdiction over this action.

## CONCLUSION & ORDER

  For the reasons set forth above, IT IS ORDERED that this Court's order for jurisdictional statement is VACATED as moot, given that Defendants filed a motion to dismiss challenging subject matter jurisdiction in this case.

  IT IS FURTHER ORDERED that Defendants' Motion for Protective Order is withdrawn, at Defendants' request.

  IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

  IT IS SO ORDERED.

            s/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated: July 22, 2020